**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Tommy Toqui HART, aka Tommy Hart, Defendant–Appellant.**

**No. 03–10595.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 2004.

Decided Oct. 22, 2004.

---

Susan Badger, Esq., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Michael J. Shepard, Heller Ehrman White & McAuliffe LLP, San Francisco, CA, for Defendant–Appellant.

Before: TROTT, MCKEOWN, Circuit Judges, and SHADUR,* Senior District Judge.

## MEMORANDUM **

Convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), Tommy Hart appeals the denial of his motion to suppress the gun he tossed out a window of his home and statements made to the San Francisco police after his arrest. Even assuming the Personal Protective Services ("PPS") officers are state actors, we conclude that the district court did not err in denying Hart's motion to suppress because the warrantless entry of Hart's home and seizure of the gun was justified by exigent circumstances.

We review the lawfulness of a search and seizure de novo. *United States v. Mendoza–Ortiz*, 262 F.3d 882, 885 (9th Cir.2001). A finding of exigent circumstances presents a mixed question of law and fact that we review de novo. *United States v. Hudson*, 100 F.3d 1409, 1417 (9th Cir.1996).

The following specific and articulable facts demonstrate that the PPS officers reasonably could believe that a warrantless entry was necessary to prevent physical harm to the Sunnydale residents: (1) approximately twenty minutes before seeing Hart, the officers heard a report of shots fired in the area; (2) Officer Carolina observed Hart with a weapon; (3) the PPS officers determined that Hart was not a resident; (4) Hart took flight upon being approached by the PPS officers; and (5) Hart ran into a residence of unknown connection to him.

Addressing a conflict in the officers' testimony regarding whether Hart used a key to enter the apartment, the district court found that "between Carolina and Atkins, Carolina appeared to have been more knowledgeable and observant of the events." The district court came to this conclusion after reviewing the contradicting testimony, comparing Carolina's substantial experience and familiarity with the complex with that of officer Atkins, and noting that Officer Atkins' testimony contained several inconsistencies and "was at times equivocal and suggested that he was not as much a participant in the night's events as were Officers Carolina and Coxen." This finding is not clearly erroneous.

In light of the quick sequence of events and the inability to know whether Hart was still armed, officer Carolina could rea-

---

* Hon. Milton I. Shadur, Senior U.S. District Judge for Northern Illinois, sitting by designation.

sonably believe that the apartment's occupants remained in danger even though officers Coxen and Atkins saw Hart toss a weapon out the rear apartment window.

In any event, Hart abandoned the gun before any search or seizure occurred. Hart did not submit to the show of authority until his girlfriend opened the door to officer Carolina-after he tossed the gun out the window. *See California v. Hodari D.,* 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991); *United States v. Santamaria–Hernandez,* 968 F.2d 980, 983 (9th Cir. 1992) (concluding that "seizure does not occur if, in response to a show of authority, the subject does not yield; in that event, the seizure occurs only when the police physically subdue the subject").

AFFIRMED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.