UNITED STATES of America, Plaintiff–Appellee,

v.

Jose MENDOZA–ORTIZ, Defendant–Appellant.

---

United States of America,
Plaintiff–Appellee,

v.

Jose Cano, Defendant–Appellant.

Nos. 99–50255, 99–50280.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2000

Filed Aug. 22, 2001

Yolanda M. Barrera, Arcadia, California, and Emily S. Uhrig, Deputy Federal Public Defender, Los Angeles, California, for the defendants-appellants.

Diana L. Pauli, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

Before: BROWNING, PREGERSON and BEEZER, Circuit Judges.

PER CURIAM.

Jose Mendoza–Ortiz and Jose Cano appeal the district court's denial of their motion to suppress evidence seized by

Customs Service agents in a warrantless search of their workplace and challenge the judgment sentencing them for possession of, and conspiracy to possess with intent to distribute, marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction, 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we reverse and remand.

## I.

On October 1, 1998, two Customs Inspectors conducted an enforcement review of a semi tractor and box trailer, parked on the dock at the United States Customs Commercial Cargo Facility at the Nogales, Arizona, Port of Entry. The trailer contained loosely stacked 2x6 lumber. Noticing several irregularities in the cargo bed and shipping manifest, the inspectors drilled two holes in two different pieces of the lumber. They smelled a strong odor of marijuana and observed a green leafy substance on the tip of the drill bit. A trained narcotics inspection dog alerted to the trailer. A field test revealed that the substance was marijuana.

Rather than seize the contraband at the border crossing, Customs Service agents followed the tractor/trailer rig to its delivery destination to sweep in potential conspirators. They followed the rig to a commercial parking lot where the driver detached the tractor and left the trailer. Customs agents maintained continuous video surveillance over the parked trailer for four days, during which time nothing was unloaded from or loaded into the trailer. Another commercial tractor entered the parking lot and hooked up the trailer. Conducting uninterrupted surveillance from the ground and air, the agents followed the rig to its delivery destination in Compton, California, the next day.

Defendant Cano accepted delivery of the lumber at 1400 Sportsman Drive, the warehouse where he and defendant Mendoza–Ortiz worked as automobile mechanics at the direction of the lessee, Raul Pena. Customs agents observed several men open the trailer doors, unload the lumber, carry it into warehouse Space G and close the bay door to Space G behind them. Ground and air surveillance was maintained outside Space G from approximately 8:52 am, when the lumber arrived, until 2:30 pm. The Customs agents observed no deliveries to Space G. Neither did anything resembling wooden planks enter or exit the enclosed work space. Between 12:44 pm and 1:39 pm, agents heard sounds like breaking wood coming from Space G. One and one-half hours later, they entered Space G, having secured neither a search warrant nor consent to entry. There the agents observed pried open wooden planks, tools and 537 stacked packages wrapped in brown tape, later identified as one-pound bricks of marijuana. The agents arrested defendants Cano and Mendoza–Ortiz at the scene.

Both defendants moved to suppress the fruits of the search and entered conditional guilty pleas. The district court found that defendants had a reasonable expectation of privacy in Space G sufficient to invoke Fourth Amendment protection. However, the court upheld the warrantless search as a valid extended border search.

At sentencing, the court rejected the probation officers' downward adjustment recommendations and sentenced Mendoza–Ortiz and Cano to 63 and 78 months imprisonment, respectively. Defendants timely appeal the court's denial of their suppression motions and withholding of downward sentencing adjustments under U.S. Sentencing Guidelines Manual sections 3E.1(b) (acceptance of responsibility); 5C1.2 (safety valve); and 3B1.2 (minor or minimal role).

## II.

■ The lawfulness of a search and seizure is a mixed question of law and fact that we review de novo. *United States v. Cervantes*, 219 F.3d 882, 887 (9th Cir. 2000). We accept the district court's underlying findings of fact in the absence of clear error. *See id.*

■ We set aside the convictions and sentences because the Customs agents lacked the statutory authority to conduct the warrantless search of Space G. At the moment the planks were unloaded into Space G, Customs agents were required to seek a warrant if they wanted to enter and search the warehouse. *See* 19 U.S.C. § 1595(a).[1] Because the district court's reliance on the extended border search doctrine was misplaced in light of this statutory prescription, evidence of all observations made and seizures effected inside Space G must be suppressed.[2] Evidence adduced prior to the warrantless search of Space G, however, is still admissible because such prior evidence was obtained pursuant to legal border searches not challenged on appeal.

REVERSED and REMANDED.

---

1. Section 1595(a) provides in relevant part:
   Searches and seizures
   (a) Warrant
   (1) If any officer or person authorized to make searches and seizures has probable cause to believe that—(A) any merchandise ... which has been otherwise brought into the United States unlawfully ... is in any dwelling house, store, or other building or place, he may make application, under oath, to any [authorized judge], and shall thereupon be entitled to a warrant to enter ... and to search for and seize such merchandise or other article described in the warrant.
   . . . .
   19 U.S.C. § 1595(a).

2. We note that the applicability of 19 U.S.C. § 1595 was not before the district court and was not raised on appeal. We ordered supplemental briefing on this issue after the case was submitted.