**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff - Appellant*,

   v.

LOMANDO MARK SCOTT,
    *Defendant - Appellee*.

No. 11-10529

D.C. No.
2:10-cr-00430-
PMP-RJJ-1

OPINION

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted
September 11, 2012–Las Vegas, Nevada

Filed November 26, 2012

Before: Morris S. Arnold[*], Johnnie B. Rawlinson,
and Jay S. Bybee, Circuit Judges.

Opinion by Judge Bybee;
Concurrence by Judge Rawlinson

---

[*] The Honorable Morris S. Arnold, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel reversed the district court's order suppressing evidence discovered in a warrantless search of the defendant's car.

The panel held that the defendant did not waive or forfeit his argument that the government waived its own argument that the search was permissible under the automobile exception to the warrant requirement. The panel also held that the government did not waive its automobile exception argument.

The panel held that because the police had probable cause to suspect that evidence of a crime would be found in the defendant's car, which had the potential for mobility and was being used as a licensed motor vehicle, the government's warrantless search of the defendant's car was permissible under the automobile exception.

Judge Rawlinson concurred in the result because, and only because, neither the magistrate judge nor the district court judge made a finding that the government had waived its arguments regarding exceptions to the Fourth Amendment warrant requirement.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Nadia Janjua Ahmed & Adam M. Flake, United States Attorney's Office District of Nevada, Las Vegas, Nevada, for the appellant.

Alina M. Shell & Brenda Weksler, Federal Public Defender's Office, Las Vegas, Nevada, for the appellee.

**OPINION**

BYBEE, Circuit Judge:

Defendant Lomando Scott was arrested and charged with possession of a controlled substance and a firearm. Scott moved to suppress evidence of these crimes that was discovered in the subsequent warrantless search of his car. After the government failed to file a timely written response to Scott's motion to suppress, raising its substantive arguments for the first time orally during the suppression hearing, the magistrate judge recommended that Scott's motion to suppress be granted. The government again asserted that the search was permissible under the automobile exception to the warrant requirement in its filed objections to the magistrate judge's Report and Recommendation. Nevertheless, the district court adopted the magistrate judge's Report without further comment and granted Scott's motion to suppress. The issues for review are whether the automobile exception argument has been waived, and, if not, whether the government's search of Scott's automobile was permissible under the automobile exception to the warrant requirement. We reverse.

## I.  FACTS AND PROCEDURAL BACKGROUND

In the afternoon hours of August 11, 2010, a constable arrived to execute a writ of execution at the North Las Vegas residence occupied by Lomando Scott. After entering the house, the constable smelled marijuana and saw Scott stuff four or five stacks of cash into plastic bags, at which point the constable promptly called the police. The responding officers also smelled marijuana, and after conducting a background check that revealed that Scott had prior felony convictions involving drugs and guns and had failed to update his address in violation of state registration requirements, the officers arrested Scott. Searches of Scott's person and the residence—which was owned by Wells Fargo—revealed $10,000 cash in Scott's pockets and significant quantities of drugs and drug paraphernalia in the residence.

The officers were aware that prior to his arrest Scott had gone back and forth between the house and his car, loading it with personal items from inside the house.  Although a dog "sniff-test" did not indicate that there were drugs in the car, the officers nevertheless searched the automobile, finding a 9mm Glock 17 handgun and approximately 250 grams of cocaine base.

Scott was indicted in the District of Nevada for Possession of a Controlled Substance With Intent to Distribute, 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii); Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2); Possession of a Firearm During and in Relation to a Drug Trafficking Crime, 18 U.S.C. § 924(c); and Possession of a Controlled Substance With Intent to Distribute, 18 U.S.C. §§ 841(a)(1), (b)(1)(C).  Scott filed a motion to suppress the handgun and cocaine seized from his car, alleging that the

police's warrantless search of his car violated his Fourth Amendment rights.

The magistrate judge set a date for an evidentiary hearing and established a briefing schedule that called for the government's response. Instead of filing a brief addressing Scott's motion to suppress, the government filed a one-paragraph response, stating that "facts in dispute require this Court to make a determination in order to rule on legal issues regarding the search Defendant has challenged," and requesting the opportunity to "brief the legal issues following the evidentiary hearing and witness testimony on this matter." The magistrate judge denied this request. The magistrate judge held two evidentiary hearings, at which the government orally advocated for the inventory search and automobile exceptions to the warrant requirement. The government also requested permission to file a written response after the hearing, a request that was denied by the court. The government nevertheless filed a motion for leave to file a late response to Scott's motion to suppress.

After conducting the evidentiary hearings, the magistrate judge issued a Report and Recommendation, recommending that the government's late response be stricken and that Scott's motion to suppress be granted. In reaching these conclusions, the court considered the merits of the government's arguments with respect to the inventory search but not the automobile exception. The government filed its objections to the Report, raising, once again, both the inventory search and automobile exceptions to the warrant requirement.

The district court adopted the magistrate judge's recommendations without comment and granted Scott's

motion to suppress. The government timely appealed, arguing that its warrantless search of Scott's automobile was supported by probable cause and was therefore permissible under the automobile exception to the warrant requirement. Scott argues in reply that the government waived the automobile exception argument by failing to raise it in a written filing by the deadline. The government, in turn, claims that Scott has waived any claim to waiver by failing to assert it before the magistrate judge or district court.

## II.  DISCUSSION

We review the lawfulness of a search and seizure—a mixed question of law and fact—de novo. *United States v. Mendoza-Ortiz*, 262 F.3d 882, 885 (9th Cir. 2001). The district court's underlying findings of fact are reviewed for clear error. *Id.*

### A.  *Scott Has Not Waived or Forfeited His Waiver Claim*

Waiver is "the intentional relinquishment or abandonment of a known right," whereas forfeiture is "the failure to make the timely assertion of [that] right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (internal quotation marks omitted); *see United States v. Castillo*, 496 F.3d 947, 952 n.1 (9th Cir. 2007) (en banc). In general, a party may waive waiver expressly. *United States v. Garcia-Lopez*, 309 F.3d 1121, 1122-23 (9th Cir. 2002) (finding that a waiver claim was waived where the government wrote in its answering brief "the Government . . . now waives the argument . . . that this appeal was barred by the appeal waiver in Garcia-Lopez's plea agreement"); *see also United States v. Doe*, 53 F.3d 1081, 1083 (9th Cir. 1995) (holding that the waiver argument was waived when "counsel for the government at oral

argument specifically urged the Court to reach the merits of th[e] appeal"). A party who fails to assert a waiver argument forfeits—and therefore implicitly waives—that argument. *Norwood v. Vance*, 591 F.3d 1062, 1068 (9th Cir. 2009); *see also Tokatly v. Ashcroft*, 371 F.3d 613, 618 (9th Cir. 2004) (holding that an implicit waiver occurred when the party failed to "argue waiver [and] instead elected to address the issue on the merits"); *Chicano Educ. & Manpower Servs. v. U.S. Dep't of Labor*, 909 F.2d 1320, 1328 & n.5 (9th Cir. 1990) (holding that waiver was forfeited when "the Department [did not] make the waiver argument to the Secretary").

Scott has neither waived nor forfeited his waiver argument. Rather, Scott devoted several pages of his argument before the magistrate judge to the issue of the government's untimely response, specifically indicating at the discussion's conclusion that he "wanted to put [his arguments] on the record." In his argument, Scott noted both that "[t]he sanction for failure to file a response is dismissal" and that permitting the U.S. Attorney to file a response after the deadline would put "the Defendant and the Court at a disadvantage." Moreover, taken in this context, Scott's statement that although "[t]he sanction for failure to file a response is dismissal," he was "not asking the Court for dismissal" does not constitute an explicit waiver; the whole of his argument indicates his intention to prohibit the government from putting "the Defendant and the Court at a disadvantage." Ultimately, the magistrate judge agreed that permitting an untimely response would prejudice Scott, a finding noted favorably in Scott's Response to Government's Objections to Report & Recommendation of United States Magistrate Judge, filed with the district court. Scott has not waived or forfeited his waiver argument; rather, he has placed

the issue squarely before both the magistrate judge and the district court.

## B. *The Government Has Not Waived Its Automobile Exception Argument*

Under Federal Rule of Criminal Procedure 12(e), "[a] party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides." Fed. R. Crim. P. 12(e). Raising a theory to the magistrate judge "during the evidentiary hearing on the motion to suppress" preserves that theory for appeal. *United States v. Sparks*, 265 F.3d 825, 830 n.1 (9th Cir. 2001), *overruled on other grounds by United States v. Grisel*, 488 F.3d 844 (9th Cir. 2007) (en banc). In *Sparks*, although the defendant did not raise the argument specifically to the district court, it was sufficient that the defendant "raised the issue to the magistrate judge and engaged him in a colloquy about the theory." *Id.* Because the defendant "placed the issue in the record, the district court had the opportunity to consider and decide this claim." *Id.* Even where a waiver argument may be available, [w]hen a court rules on the merits of an untimely suppression motion, it implicitly concludes that there is adequate cause to grant relief from a waiver of the right to seek suppression." *United States v. Vasquez*, 858 F.2d 1387, 1389 (9th Cir. 1988). In order to "rule[] on the merits," the district court must not merely rule on whether good cause for relief from waiver has been made; it must determine whether "seized evidence should have been suppressed." *United States v. Tekle*, 329 F.3d 1108, 1112 (9th Cir. 2003).

In the present case, as in *Sparks*, the government raised its automobile exception argument to the magistrate judge

during the evidentiary hearing on the motion to suppress. Because the government raised the automobile exception both orally and in its filed objections to the magistrate judge's report and recommendation, the "district court had the opportunity to consider and decide the claim." *Sparks*, 265 F.3d at 830 n.1 (noting that Sparks' argument was preserved despite the fact that it was only raised orally). Moreover, even if *Sparks* were not applicable, the magistrate judge's Report and Recommendations implicitly forgives any waiver that may have occurred by reaching the merits of the government's allegedly untimely objection to the suppression motion, finding that "the inventory search was a ruse" and therefore that "[n]o warrant exception applies here." Therefore, under *Vasquez* and *Tekle*, the magistrate judge's Report—adopted by the district court—implicitly concludes either that there was no waiver, or that "there is adequate cause to grant relief from" any waiver that may have occurred. *Vasquez*, 858 F.2d at 1389. Because it cannot be that the government's automobile exception argument, but not its simultaneously-raised inventory search argument, was waived, we conclude that the government has not forfeited its automobile exception argument or, alternatively, that its forfeiture was excused.[1]

---

[1] We do not, however, in any way condone the government's policy of deliberately disregarding the filing deadlines to incorporate facts raised during the hearing into its briefs. As the magistrate judge noted, filing deadlines serve an important judicial function, and permitting this sort of strategic disrespect for the rules will disadvantage both defendants and the court.

C.  *The Warrantless Search Was Permissible Under the Automobile Exception*

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.  Any "place to be searched, and the persons or things to be seized" must be particularly described, and be supported by oath or affirmation and probable cause shown before a warrant may issue. *Id.*  Searches conducted without a warrant, thus, "are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967).  The burden of proving that a warrantless search or seizure falls within an exception to the warrant requirement is on the government.  *United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001).  Because the government has met its burden here, the evidence discovered in Scott's automobile should not be suppressed.

"Under the automobile exception to the warrant requirement, police may conduct a warrantless search of a vehicle if there is probable cause to believe that the vehicle contains evidence of a crime." *United States v. Brooks*, 610 F.3d 1186, 1193 (9th Cir. 2010).  In determining whether probable cause exists, this court evaluates the totality of the circumstances. *Id.* Because this exception is justified by the exigency created by the inherent mobility of vehicles as well as the relatively minimal expectation of privacy that exists with respect to automobiles, *California v. Carney*, 471 U.S. 386, 391 (1985), the applicability of the automobile exception does not turn on whether the car's owner or driver has already been taken into custody or the risk of mobility has otherwise been eliminated, *see United States v. Johns*, 469 U.S. 478,

487-88 (1985) (upholding a search of packages seized from automobiles where the search occurred three days after police had arrested the automobile's occupant); *Michigan v. Thomas*, 458 U.S. 259, 261 (1982) (noting that "the justification to conduct such a warrantless search does not vanish once the car has been immobilized"); *Chambers* v. Maroney, 399 U.S. 42, 52 (1975) (holding, for an impounded car, that "[t]he probable-cause factor still obtained at the station house and so did the mobility of the car"); *United States v. Davis*, 530 F.3d 1069, 1084 (9th Cir. 2008) (upholding search of legally parked car that followed the arrest of that car's driver); *United States v. Hatley*, 15 F.3d 856, 858, 860 (9th Cir. 1994) (upholding vehicle search conducted after police stopped defendant in his vehicle and returned him to his residence). Thus, if the vehicle is "readily mobile by the turn of an ignition key, [even if it is] not actually moving," and is being "use[d] as a licensed motor vehicle subject to a range of police regulation inapplicable to a fixed dwelling," then "the overriding societal interests in effective law enforcement justify an immediate search before the vehicle and its occupants become unavailable," so long as there is probable cause. *Carney*, 471 U.S. at 392-93.

The government has met its burden of establishing that the automobile exception to the warrant requirement applies in this case. Scott has accepted the magistrate judge's finding that "law enforcement had probable cause to believe his vehicle may have contained evidence of a crime," a finding that, on this record, has ample support. Moreover, there is no dispute that the vehicle appeared to be readily mobile and was being used as a "licensed motor vehicle subject to a range of police regulation." *Carney*, 471 U.S. at 392-93. Accordingly, the government's search of Scott's car was permissible under the automobile exception to the warrant requirement.

## III. CONCLUSION

The government presented its substantive arguments orally at the suppression hearing and in its written response to the magistrate judge's Report, and therefore we hold that those arguments were preserved for appeal. Moreover, because the police had probable cause to suspect that evidence of a crime would be found in Scott's car, which had the potential for mobility and was being used as a licensed motor vehicle, we hold that the government's warrantless search of Scott's car was permissible under the automobile exception to the warrant requirement. Scott's motion to suppress should not have been granted.

**REVERSED.**

RAWLINSON, Circuit Judge, concurring:

I concur in the result reached by the majority because, and only because, neither the magistrate judge nor the district court judge made a finding that the government had waived its arguments regarding exceptions to the Fourth Amendment warrant requirement. *See Taylor v. United States*, 821 F.2d 1428, 1433 (9th Cir. 1987) (observing that whether waiver of an issue has occurred "is a question of federal law under the Federal Rules of Civil Procedure"). Had either the magistrate judge or the district court judge found a waiver of the government's arguments, we would be hard pressed to disagree. *See, e.g., United States v. Helbling*, 209 F.3d 226, 237 (3d Cir. 2000) (addressing the waiver of the applicable statute of limitations and relying on the findings made by the district court); *North Am. Specialty Ins. Co. v. Debis Fin.*

*Servs., Inc.*, 513 F.3d 466, 470 (5th Cir. 2007) (affirming the district court's finding that the insurer waived "the defense of unseaworthiness"). The only difference between those cases and this case is that the trial court in those cases made a finding of waiver. The government has dodged a bullet.