**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30204 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00141-BLW-2 |
| v. | |
| JOSE ROMOS-GONZALES, AKA Taliban, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted October 8, 2013[**]
Seattle, Washington

Before: TASHIMA, GRABER, and MURGUIA, Circuit Judges.

A jury convicted Defendant-Appellant Jose Romos-Gonzales of distributing

and conspiring to distribute methamphetamine in violation of 21 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§§ 841(a)(1) and 846, and the district court sentenced him to 188 months in prison. We have jurisdiction over his appeal pursuant to 28 U.S.C. § 1291, and we affirm.

The district court's finding that Romos-Gonzales did not invoke his right to counsel on the night of his arrest was not clearly erroneous: three police officers testified to that fact at the suppression hearing. *See United States v. I.E.V.*, 705 F.3d 430, 434 (9th Cir. 2012) (denial of motion to suppress reviewed for clear error); *United States v. Fitch*, 659 F.3d 788, 797 (9th Cir. 2011) (describing the clear error standard as "illogical, implausible, or without support in the record").

Romos-Gonzales forfeited his argument that his *Miranda* waiver on the night of his arrest was not knowing, voluntary, and intelligent. *See United States v. Scott*, 705 F.3d 410, 415 (9th Cir. 2012) (explaining the difference between a "waiver" and a "forfeiture"). Romos-Gonzales raised this argument in his motion to suppress, but he failed to make it at the suppression hearing when given the opportunity. *See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957 (9th Cir. 1989) (an issue is not properly preserved unless it was "raised sufficiently for the trial court to rule on it"). We decline to address that argument here.

The prosecutor's remarks during closing arguments did not clearly or obviously constitute vouching. *See Puckett v. United States*, 556 U.S. 129, 135

(2009) (review is for plain error where the appellant fails to object in the district court). Romos-Gonzales's entire case, from start to finish, hinged on impugning the integrity of the government's investigation and witnesses; the prosecutor was permitted to note during his closing argument that Romos-Gonzales's theory was not supported by any evidence. *See United States v. Keyser*, 704 F.3d 631, 643 (9th Cir. 2012) (prosecutor's conduct is to be considered "in the context of the entire trial"); *United States v. Wilkes*, 662 F.3d 524, 540–41 (9th Cir. 2011) ("[P]rosecutors are permitted to respond to defense counsel's attempts to impeach the credibility of government witnesses.").

    **AFFIRMED.**