**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> THOMAS FRANCO, <br><br> Defendant-Appellant. | No. 17-10538 <br><br> DC No. CR 16-0308 HDM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Argued and Submitted March 13, 2019
San Francisco, California

Before:    SILER,[**] TASHIMA, and McKEOWN, Circuit Judges.

Thomas Franco appeals his conviction for being a felon in possession of a

firearm, arguing that the district court erred in:  (1) denying his motion to suppress;

(2) permitting the government to present certain evidence and elicit certain

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

testimony at trial; and (3) determining his sentence. We reverse the denial of the suppression motion and remand for new trial, and therefore do not reach the second or third issues.

We have jurisdiction under 28 U.S.C. § 1291, and we review do novo the district court's denial of Franco's motion to suppress, although we assess the district court's underlying factual findings for clear error. *United States v. Mayer*, 560 F.3d 948, 956 (9th Cir. 2009). Despite the fact that the firearm and ammunition were discovered during a warrantless vehicle search, the district court ruled that this evidence was nevertheless admissible under the inevitable discovery doctrine, because the officers lawfully impounded the vehicle and would inevitably have discovered the firearm in a lawfully executed post-impound inventory search. However, the impound did not conform with Las Vegas Metropolitan Police Department ("LVMPD") policy, and therefore could not support a showing that the government would inevitably have discovered the firearm through some *lawful*

means.[1]  Specifically, LVMPD policy provision 5/204.6(10) did not permit the impound because nothing in Nev. Rev. Stat. § 482.545 gives police *authority* to impound a vehicle; it only prohibits drivers from operating a vehicle with an expired or fictitious license plate.  Nor did LVMPD policy provisions 5/204.6(2), (6), or (12) authorize the impound, because the vehicle was not part of criminal evidence.  At the time of the impound, there no longer was a reasonable doubt about ownership and rightful possession of the vehicle, and the record contains no evidence suggesting that the vehicle was illegally parked.  Finally, the government's argument that the impound was authorized by an unwritten policy for impound of any cold-plated vehicle is similarly unavailing because it is insufficiently supported by the record.  We have never held that an unwritten policy can be a "standardized procedure" when a written policy also exists, and LVMPD's written policy here expressly lists the  "only . . . circumstances when impound is permissible."

---

[1]  Notably, even if the impound furthered a community caretaking function as the district court found, that alone is not enough.  *See United States v. Johnson*, 889 F.3d 1120, 1125 (9th Cir. 2018) ("[P]olice may, without a warrant, impound and search a motor vehicle so long as they do so in conformance with the standardized procedures of the local police department *and* in furtherance of a community caretaking purpose . . . ." (emphasis added) (quoting *United States v. Torres*, 828 F.3d 1113, 1118 (9th Cir. 2016))).

Despite having relied below exclusively on the claim that a lawful impound and inventory of the vehicle justified the challenged search, the government raises two new contentions on appeal in support of affirming denial of the suppression motion. First, the government contends that the vehicle search was permissible because it fell within the automobile exception to the warrant requirement. The district court found, however, that the government waived this claim because, although Franco had raised the applicability of the automobile exception in his motion to suppress, the government did not rely on or address that exception in its response to the motion. Thus, the magistrate judge found that "[t]he government does not claim that police had probable cause to search the vehicle under the automobile exception to the warrant requirement," and she therefore did not reach or make any factual findings relevant to that issue. *Cf. United States v. Scott*, 705 F.3d 410, 415–16 (9th Cir. 2012) (concluding that the government's automobile exception theory was not waived "[b]ecause the government raised the automobile exception both orally [during the suppression hearing] and in its filed objections to the magistrate judge's report and recommendation," such that "the 'district court had the opportunity to consider and decide the claim'" (quoting *United States v. Sparks*, 265 F.3d 825, 830 n.1 (9th Cir. 2001))). Accordingly, we do not consider whether the automobile exception justified the vehicle search.

Second, the government now contends that the search incident to arrest exception to the warrant requirement applied because Franco was arrested for possession of a stolen vehicle. Even assuming arguendo that this contention is not waived, it fails on the merits because the magistrate judge found that Franco was merely seized—not de facto arrested—for purposes of the Fourth Amendment. This fact-intensive determination is well-supported by the record, including the police report, the officers' testimony at the suppression hearing, and body camera video; we therefore see no basis to overturn it.[2] *See United States v. Taylor*, 716 F.2d 701, 709 (9th Cir. 1983) ("[T]he use of handcuffs, if reasonably necessary, while substantially aggravating the intrusiveness of an investigatory stop, does not necessarily convert a *Terry* stop into an arrest."); *United States v. Patterson*, 648 F.2d 625, 633 (9th Cir. 1981) ("A valid stop is not transformed into an arrest merely because law enforcement agents momentarily restrict a person's freedom of movement. They may impose such a restriction to maintain the status quo while making an initial inquiry, provided the force displayed is not excessive under the circumstances.").

---

[2] Franco was eventually arrested for unlawfully possessing a firearm, but the unlawful search had already occurred.

For the foregoing reasons, we reverse the district court's denial of the suppression motion, vacate Franco's conviction and sentence, and remand for further proceedings consistent with this memorandum.[3]

**REVERSED in part, VACATED in part, and REMANDED.**

---

[3] We do not reach the remaining issues raised by Franco. We note, however, that if a new trial ensues, the district court should ensure that it instructs the jury in a manner consistent with the Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).