NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10187 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-00219-JGZ-DTF-2 |
| v. | |
| JEREMIAH WADE SLAYDEN, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10326 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-00219-JGZ-DTF-1 |
| v. | |
| ANDREW PAUL MIZE, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Argued and Submitted January 6, 2020
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WATFORD and BENNETT, Circuit Judges, and RAKOFF,[**] District Judge.

Co-defendants Jeremiah Slayden and Andrew Mize appeal from their convictions for conspiracy to possess with intent to distribute 687 kilograms of marijuana and possession with intent to distribute the same. Mize also challenges his 60-month sentence. We affirm.

1. The district court did not abuse its discretion by denying the defendants' motion to compel discovery about the Border Patrol checkpoint. Although the stop took place at a checkpoint, the agents had reasonable suspicion to justify the stop, based on their observations of a group of people crossing the border and entering an RV park bearing what looked like marijuana, the departure of the defendants' truck from the RV park very shortly thereafter, and the doubtful legitimacy of the truck's affiliation with Rural Electric. Thus, discovery into the constitutionality of the Border Patrol checkpoint was irrelevant to the defendants' efforts to challenge the legality of the stop.

2. The district court correctly denied the defendants' motion to suppress the marijuana found in their truck. As a preliminary matter, the district court did not err by finding that the defendants were not arrested at the Border Patrol

---

[**] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

checkpoint. Though the agents kept the defendants' driver's licenses and prevented them from leaving the checkpoint, their methods were not intrusive. *See United States v. Edwards*, 761 F.3d 977, 981 (9th Cir. 2014). The agents did not draw their weapons, handcuff or otherwise physically restrain the defendants, or transfer them to a police vehicle or a cell. Indeed, they permitted Slayden to remain in or near his truck and make video recordings of his encounters with the agents. Based on the totality of the circumstances, "a reasonable innocent person in these circumstances would . . . have felt free to leave after brief questioning." *Id.* (internal quotation marks omitted) (alteration in original).

By the time the truck moved into secondary inspection, the agents' reasonable suspicion had ripened into probable cause. First, the defendants' conduct and statements during primary inspection added to the agents' suspicions. Although Slayden claimed to have gone to the RV park for an electrical job, he could not provide a work order or his client's full name or contact information and could not explain why he would travel over two hours in each direction for a job. Mize, for his part, claimed that it was his first day on the job, and that his boss, whose name he did not know, had asked him to drive the company truck (which the agents by then knew was registered to Slayden). Second, the agents testified that businesses typically paint their company information onto the vehicles (because stickers melt in the Arizona heat), yet as the truck moved from primary

inspection to secondary inspection, the agents noticed that the Rural Electric company information was affixed to the truck using stickers. They also noticed that the phone number and website lacked customary elements, making the truck look unprofessional. Third, as the truck drove past them, the agents saw what they described as a "void" in the rear of the truck. The truck had small outer compartments that concealed an internal compartment accessible only from the roof of the truck, which the officers suspected was used to hide contraband. This information, when combined with the agents' observations before the truck pulled into the checkpoint, amounted to probable cause. Contrary to the defendants' contention, once the agents had probable cause, they did not need to obtain a warrant to search the truck, as the automobile exception to the warrant requirement does not have an additional exigency requirement. *See Maryland v. Dyson*, 527 U.S. 465, 466 (1999); *California v. Carney*, 471 U.S. 386, 391 (1985); *United States v. Scott*, 705 F.3d 410, 417 (9th Cir. 2012).

**3.** The district court properly rejected the defendants' evidentiary objections. The Rural Electric vest was properly authenticated pursuant to Federal Rule of Evidence (FRE) 901 by the company's owner and was relevant because it allowed the jury to compare it to the crumpled vest in the defendants' truck, which Agent Smith testified Mize had been wearing. Because Mize did not challenge the vest's admission under FRE 403 below, we review his argument that he was

unfairly prejudiced by its admission only for plain error. There was none. Slayden's homemade video was properly authenticated by Agent Smith, and its introduction as a co-conspirator statement did not violate the Sixth Amendment. *See United States v. Inadi*, 475 U.S. 387, 395–96 (1986); *United States v. Allen*, 425 F.3d 1231, 1235 (9th Cir. 2005).

**4.** The district court did not abuse its discretion by declining to give Mize's requested jury instructions. First, Mize was not entitled to a mere-presence instruction. The government's evidence against Mize involved more than his mere presence at the scene: He was wearing a utility vest, offered patently implausible answers to the agents' questions, and was driving a custom drug-smuggling truck containing over 1,500 pounds of marijuana, which agents testified drug smugglers would not permit an uninvolved bystander to do. His requested instruction was therefore not required. *See United States v. Negrete-Gonzales*, 966 F.2d 1277, 1282 (9th Cir. 1992). Second, although the government did not preserve all the evidence it should have, the court properly concluded that a missing-evidence instruction was not warranted. The record does not support a finding that the government acted in bad faith or that its oversight prejudiced the defendants. *See United States v. Sivilla*, 714 F.3d 1168, 1173 (9th Cir. 2013); *United States v. Romo-Chavez*, 681 F.3d 955, 961 (9th Cir. 2012).

**5.** Mize was not entitled to severance. We will reverse a district court's

denial of a severance motion only if "a joint trial was so manifestly prejudicial as to require" separate trials. *United States v. Barragan*, 871 F.3d 689, 701 (9th Cir. 2017). That was not the case here: Mize and Slayden did not have fundamentally irreconcilable defenses, *see United States v. Johnson*, 297 F.3d 845, 858 (9th Cir. 2002), nor did trying the co-defendants together deprive Mize of any specific trial rights, *see Zafiro v. United States*, 506 U.S. 534, 539 (1993). All the evidence introduced would have been admissible against Mize in a separate trial, *see United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996), and Mize presented no evidence that Slayden would have testified on Mize's behalf in a separate trial, let alone that his testimony would have been substantially exculpatory, *see United States v. Reese*, 2 F.3d 870, 892 (9th Cir. 1993).

**6.** The district court did not err when sentencing Mize. Although Mize contends he was entitled to safety-valve relief under 18 U.S.C. § 3553(f), the district court's finding that Mize had not "truthfully provided" information to the government was not clearly erroneous. Nor did the court clearly err in finding that Mize gave false testimony on a material matter with willful intent. *United States v. Castro-Ponce*, 770 F.3d 819, 822 (9th Cir. 2014). Rejecting safety-valve relief and applying an obstruction-of-justice enhancement was therefore not improper.

**AFFIRMED.**