**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 30 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-10154 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00244-SI-1 |
| v. | |
| JAMEEL COLLINS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted August 14, 2020
San Francisco, California

Before:  HAWKINS and CHRISTEN, Circuit Judges, and GRITZNER,[**] District Judge.
Concurrence by Judge CHRISTEN

Jameel Collins appeals his jury trial convictions on four counts of possession

with intent to distribute a controlled substance, in violation of 21 U.S.C.

§ 841(a)(1), (b)(1), and being a felon in possession of a firearm, in violation of 18

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

U.S.C. § 922(g)(1). We have jurisdiction under 18 U.S.C. § 1291, and we affirm.

1. Collins contends the district court erred in denying his motion to suppress evidence discovered during a vehicle search following a traffic stop and during a search incident to arrest. We review the denial of a motion to suppress evidence de novo and the underlying factual findings for clear error. *See United States v. Torres*, 828 F.3d 1113, 1118 (9th Cir. 2016).

At the time of the searches in February 2016, California law permitted an individual to possess and cultivate marijuana for medical purposes upon recommendation or approval by a physician. Cal. Health & Safety Code § 11362.5(d). California law also provided for medical marijuana identification cards. Cal. Health & Safety Code § 11362.71 (2003). However, at the time of the searches, possession of marijuana for sale remained a felony under California law. Cal. Health & Safety Code § 11359 (2011).

Collins was stopped for driving with dark tinted windows and a six-year expired vehicle registration, which are both violations of California law. Collins does not dispute the legality of the traffic stop. During the traffic stop, which occurred in an area with a considerable amount of drug trafficking, the officers observed in plain view a significant quantity of marijuana—later determined to be approximately twenty-four grams—and a digital scale on the front center console of the vehicle. Taken together, these facts constitute "information sufficient to

2                                                                                    19-10154

lead a person of reasonable caution to believe" Collins possessed the marijuana for sale, not for personal medical use, despite his repeated statements to the officers that he had a valid medical marijuana card. *See United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) (citing *Beck v. Ohio,* 379 U.S. 89, 91 (1964)). Because Collins' arrest was supported by probable cause, the warrantless search incident to arrest did not violate the Fourth Amendment. *See United States v. Camou*, 773 F.3d 932, 937 (9th Cir. 2014).

The search of Collins' person incident to the arrest revealed he possessed $805 in cash, much of which was neatly folded and bound in rubber bands in $100 increments, with additional bills stuffed into various pockets, which an arresting officer determined was indicative of drug distribution. In combination with the facts already known to the officers, this information provided probable cause for the warrantless searches of Collins' vehicle pursuant to the automobile exception to the Fourth Amendment. *See United States v. Scott*, 705 F.3d 410, 417 (9th Cir. 2012); *see also California v. Acevedo,* 500 U.S. 565, 580 (1991).

We need not address whether changes to California state law legalizing the possession of medical marijuana for personal use affect the district court's conclusion regarding simple possession because the searches were supported by probable cause for possession for sale, which was illegal. *See United States v. Pope*, 686 F.3d 1078, 1083 (9th Cir. 2012) ("[W]e may affirm on any basis

19-10154

supported by the record."). The district court did not err in denying Collins' motion to suppress.

2. Collins argues his conviction for being a felon in possession of a firearm should be reversed because the Government failed to prove the knowledge-of-status element of § 922(g)(1) and the district court erred by not including that element in the jury instruction. We review for plain error because Collins did not challenge the jury instructions before the district court, and his generalized sufficiency-of-the-evidence motion before the district court did not adequately preserve his current knowledge-of-status argument. *See United States v. Kilbride*, 584 F.3d 1240, 1247 (9th Cir. 2009); *United States v. Pelisamen*, 641 F.3d 399, 409 n.6 (9th Cir. 2011).

Consistent with Ninth Circuit precedent at the time of Collins' trial, the jury instructions on the felon-in-possession charge did not include that the Government had to prove Collins knew he had been convicted of a crime punishable by more than one year imprisonment. After Collins' trial, the Supreme Court issued its opinion in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), in which the Court identified the three elements of a § 922(g) charge—status, possession, and jurisdiction—and held "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2195-96, 2200.

On a plain-error review, Collins' sufficiency-of-the-evidence challenge fails. *See United States v, Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc). Collins stipulated that "[p]rior to February 25, 2016, the defendant, Jameel Collins, Sr., had been convicted of a crime punishable by more than one year in prison." As this court has previously held, "[t]hat factual stipulation was binding, and it relieved the government of the burden to prove Defendant's status as a felon." *United States v. Benamor*, 937 F.3d 1182, 1188 (9th Cir. 2019) (citing *Christian Legal Soc'y Chapter of Univ. of Cal. v. Martinez*, 561 U.S. 661, 677–78 (2010)). However, "the absence of an instruction requiring the jury to find that Defendant knew he was a felon was clear error under *Rehaif*." *Id.* (citing *Henderson v. United States*, 568 U.S. 266, 273 (2013); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6, 328 (1987)). In this case, "there is no probability that, but for the error, the outcome of the proceeding would have been different." *Id.* at 1189. At the time he possessed the firearm, Collins had been convicted of seven prior felony convictions, including one prior felon-in-possession conviction and three prior felony convictions for which he actually served over one year in prison. *See United States v. Johnson*, 963 F.3d 847, 853 (9th Cir. 2020). "[T]he prior convictions for being a felon in possession of a firearm and being a felon in possession of ammunition proved beyond a reasonable doubt that Defendant had the knowledge required by *Rehaif* and that any error in not instructing the jury to

19-10154

make such a finding did not affect Defendant's substantial rights or the fairness, integrity, or public reputation of the trial." *Benamor,* 937 F.3d at 1188.

3. Finally, Collins contends that the district court committed plain error by not including a lesser included offense of simple possession in the jury instruction. Although the parties agree simple marijuana possession is a lesser-included offense of possession with intent to distribute marijuana, Collins advanced a theory at trial consistent with simple possession but did not request an instruction on simple possession. The district court's failure to provide an instruction on simple possession *sua sponte* was not plain error because in such circumstances, a defendant's "failure to request such an instruction, the omission must be considered a matter of trial strategy and not error." *United States v. Boone*, 951 F.2d 1526, 1542 (9th Cir. 1991); *see Henderson*, 568 U.S. at 278.

**AFFIRMED.**


CHRISTEN, Circuit Judge, concurring:

I agree with the majority's result, but I would affirm the order denying the motion to suppress based on the district court's reasoning.

19-10154