**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50275 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00247-DOC-1 |
| v. | |
| SALVADOR VASQUEZ, AKA Clumsy, AKA Junior, AKA Lilone, AKA Vasquez Salvador, AKA Vaszquez Salvador, AKA Vazquez Salvador, AKA Clumsy Vasquez, AKA Junior Vasquez, AKA Lil One Vasquez, AKA Lilone Vasquez, AKA Salvador Vazquez, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted May 14, 2021**
Pasadena, California

Before: R. NELSON and LEE, Circuit Judges, and STEIN,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, sitting by designation.

Defendant Salvador Vasquez appeals the denial of his motion to suppress evidence and statements following his conditional guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He argues that officers did not have reasonable suspicion to stop his vehicle, lacked probable cause to search the vehicle, and did not read him *Miranda* warnings prior to questioning him. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's reasonable suspicion and probable cause determinations de novo, "reviewing findings of historical fact for clear error and giving due weight to inferences drawn from those facts by resident judges and local law enforcement officers." *United States v. Valdes-Vega*, 738 F.3d 1074, 1077 (9th Cir. 2013) (en banc) (cleaned up). And when reviewing factual findings for clear error, we affirm unless the findings are "illogical, implausible, or without support in the record." *United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010).

1. The officers had reasonable suspicion for the traffic stop based on a possible violation of California Vehicle Code § 22502. *See United States v. Lopez-Soto*, 205 F.3d 1101, 1104–05 (9th Cir. 2000) (holding that only reasonable suspicion is required for a traffic stop). Section 22502 provides that vehicles stopped on a roadway "shall be stopped or parked with the right-hand wheels of the vehicle parallel to, and within 18 inches of, the right-hand curb." Cal. Veh. Code § 22502(a). It also states that vehicles may not "stop or park upon a roadway in a direction

opposite to that in which traffic normally moves." *Id.* § 22502(b)(2).

Several factors supported the officers' reasonable suspicion to stop the van. Photographs show that the van was protruding out into the road, did not have its wheels adjacent to the curb, and had its front end angled towards oncoming traffic. A gate blocked the van from pulling any further off the road, so it continued to obstruct traffic. The officers observed the van for twenty to thirty seconds but never saw anyone try to open the gate or reposition the van. Based on these factors, the officers believed that a violation of § 22502 had occurred, and they initiated a stop to warn or cite the driver. Considering the totality of the circumstances, the district court did not clearly err in finding that the van was obstructing the roadway, and that thus there was reasonable suspicion to support the traffic stop. *See Valdes-Vega*, 738 F.3d at 1077–78.

2. The officers had probable cause to search the van based on "the totality of the circumstances known to [them] at the time of the search." *United States v. Ped*, 943 F.3d 427, 431 (9th Cir. 2019) (cleaned up). Probable cause exists "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas v. United States*, 517 U.S. 690, 696 (1996) (citations omitted). Here, the district court's finding that the officers smelled burnt marijuana, combined with other factors, supports probable cause for the vehicle search.

3

First, the district court's finding that the officers smelled burnt marijuana was not "illogical, implausible, or without support in the record." *Spangle*, 626 F.3d at 497. Rather, it was based on an assessment of the witnesses' credibility — to which this court gives deference, *see United States v. Bontemps*, 977 F.3d 909, 917 (9th Cir. 2020) — and corroborating evidence. The officers consistently reported smelling a strong odor of burnt marijuana emanating from the van. Evidence found during the search of the van corroborates the officers' testimony. This included 20-30 vape pens, a text regarding marijuana vape cartridges, a vape charger, and $6,680 in cash that suggested possible drug transactions. The female passengers also reported that another passenger had been vaping earlier that day. The district court considered the defense's opposing testimony but rejected it as "false" due to various inconsistencies. Considering the evidence as a whole, the district court did not clearly err in finding that the officers smelled burnt marijuana.

Second, Vasquez argues that, even if officers smelled burnt marijuana, that cannot support probable cause due to California's Proposition 64, which legalizes some marijuana use. *See* Cal. Health & Safety Code § 11362.1(a)(1). It is true that the smell of marijuana alone no longer provides a basis for probable cause. *See People v. Johnson*, 50 Cal. App. 5th 620, 634 (Cal. Ct. App. 2020). But, when combined with other factors, the smell of marijuana may still support probable cause that a vehicle contains evidence of marijuana activity that remains unlawful under

4

California law. [1] *See, e.g.*, Cal. Veh. Code § 23152(f) (stating that it is unlawful to drive under the influence of any drug); Cal. Health & Safety Code § 11054(d)(13) (classifying marijuana as a controlled substance). Driving under the influence of marijuana is a misdemeanor in California, *see* Cal. Veh. Code § 23536, and thus an officer's reasonable belief that a vehicle contains evidence of that offense will support probable cause for a warrantless search, *see Ornelas*, 517 U.S. at 696.[2]

Here, several factors supported probable cause. The officers smelled burnt marijuana coming from the van; the van was stopped in front of a building known to be controlled by a gang, in an area known for drug use and drug trafficking; the van was only partially pulled into a driveway, with its headlights and taillights on, and all four occupants still inside; and the people surrounding the van dispersed when the officers approached. From these facts, it was reasonable for the officers to infer that a violation of California's marijuana laws might have taken place, and that evidence of such a violation would be found in the van. *See United States v. Scott*,

---

[1] The government did not waive its argument on this issue, as it presented the argument to the district court in its opposition to Vasquez's motion to suppress. *See United States v. Scott*, 705 F.3d 410, 415 (9th Cir. 2012).

[2] Vasquez argues that an infraction, such as possessing an open container of marijuana in a moving vehicle, *see* Cal Veh. Code § 23222, cannot support a warrantless search under the automobile exception. We need not address this argument, as driving under the influence of marijuana is a misdemeanor rather than a civil infraction.

705 F.3d 410, 417 (9th Cir. 2012). The van's position suggested that it had recently been in transit, and the smell of burnt — rather than fresh — marijuana supports an inference that Vasquez may have been driving under the influence of marijuana. Thus, under the totality of the circumstances, probable cause supported the search of the van.

3. The district court did not clearly err in finding that Vasquez received *Miranda* warnings prior to being questioned about the gun found in the van. The district court specifically noted that this issue came "down to credibility," and when credibility is at issue, "we give special deference to the district court[] . . . and generally cannot substitute our own judgment of the credibility of a witness for that of the fact-finder." *Bontemps*, 977 F.3d at 917 (cleaned up).

Vasquez and the officers dispute whether *Miranda* warnings were given, and the only evidence before the district court was the testimony and declarations presented at the suppression hearing. The officers testified, consistent with their reports, that they read Vasquez and his companions *Miranda* warnings from a department-issued card, whereas Vasquez and the van's other occupants denied receiving such warnings. The district court noted numerous inconsistencies and implausible statements in the testimony of Karma Benward — the defense's main witness. Similar issues were not present in the officers' statements; faced with opposing accounts of the incident, the district court credited the officers' testimony.

6

Given the concerns about Benward's testimony and the lack of evidence contradicting the officers' accounts, the district court did not clearly err in finding that *Miranda* warnings were given.

**AFFIRMED.**