NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANICE ALTMAN; RYAN GOODRICH; ALBERT LEE SWANN; ROMAN KAPLAN; YAN TRAYTEL; DMITRI DANILEVSKY; GREG DAVID; CITY ARMS EAST LLC; CITY ARMS LLC; CUCKOO COLLECTIBLES LLC, DBA Eddy's Shooting Sports; SECOND AMENDMENT FOUNDATION; CALIFORNIA GUN RIGHTS FOUNDATION; NATIONAL RIFLE ASSOCIATION OF AMERICA, INC.; CALIFORNIA ASSOCIATION OF FEDERAL FIREARMS LICENSEES, INC.; FIREARMS POLICY COALITION, INC.; SCOTT CHALMERS, | No.  21-15602<br><br>D.C. No. 4:20-cv-02180-JST<br><br>MEMORANDUM[*] |
| Plaintiffs-Appellants, | |
| v. | |
| COUNTY OF SANTA CLARA; LAURIE SMITH; JEFFREY ROSEN; SARA H. CODY; CITY OF SAN JOSE; SAM LICCARDO; EDGARDO GARCIA; CITY OF MOUNTAIN VIEW; MAX BOSEL; COUNTY OF SAN MATEO; CARLOS BOLANOS; SCOTT MORROW; CITY OF PACIFICA; DANIEL STEIDLE; COUNTY | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

OF CONTRA COSTA; DAVID
LIVINGSTON; CHRIS FARNITANO;
CITY OF PLEASANT HILL; BRYAN
HILL,

                    Defendants-Appellees,

 and

COUNTY OF ALAMEDA; GREGORY J.
AHERN; NICHOLAS MOSS,

                    Defendants.

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted November 15, 2022
San Francisco, California

Before: McKEOWN and PAEZ, Circuit Judges, and MOLLOY,[**] District Judge.
Partial Concurrence and Partial Dissent by Judge PAEZ.

---

[**]    The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

A group of individuals, firearm retailers, and gun-advocacy groups (collectively, "Altman") petition for review of the district court's judgment dismissing their claims against the California counties of Santa Clara, San Mateo, and Contra Costa ("the Counties"). Altman alleged that the Counties' retail-closure orders during the early months of the COVID-19 pandemic violated their Second Amendment rights by excluding firearm vendors and ranges from the list of "essential businesses" permitted to remain open. Because the Counties lifted some restrictions on retail during the pendency of the litigation, the district court dismissed as moot Altman's claims for injunctive relief, declaratory relief, and nominal damages. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo a district court's determination of mootness. *See Demery v. Arpaio*, 378 F.3d 1020, 1025 (9th Cir. 2004). We conclude that Altman's claims for injunctive and declaratory relief are moot and that Altman forfeited the argument that the claim for nominal damages preserves this otherwise moot controversy. Thus, we affirm.

*Injunctive and Declaratory Relief.* Our recent en banc decision in *Brach v. Newsom* forecloses Altman's attempt to resurrect claims for injunctive and declaratory relief against the Counties. 38 F.4th 6 (9th Cir. 2022) (en banc). There, we held that plaintiffs' challenges to California's suspension of in-person schooling in 2020 and early 2021 were moot after the state rescinded its orders and reopened classrooms. *Id.* at 9. Emphasizing that "our jurisdiction is limited to live

controversies and not speculative contingencies," we concluded that "the mere *possibility* that California might again suspend in-person instruction is too remote to save this case." *Id.*

Just as in *Brach*, here there is "no longer any [county] order for the court to declare unconstitutional or to enjoin." *Id.* at 11. By the time that the district court dismissed Altman's motion for a preliminary injunction, the Counties had not only permitted outdoor and curbside retail and recreation but also had made provisions to resume indoor retail altogether. Although the Counties' original orders did not "expire[] by their own terms," like the school regulations in *Brach*, 38 F.4th at 12, the Counties' continued commitment to reopening retail and the consistent improvement of public health conditions still render Altman's fears of recurrence too "remote and speculative" for either mootness exception to apply, *see id.* at 14; *see also Rosebrock v. Mathis*, 745 F.3d 963, 971–72 (9th Cir. 2014) (outlining factors for assessing the voluntary cessation exception); *Sample v. Johnson*, 771 F.2d 1335, 1340–43 (9th Cir. 1985) (discussing the burden that plaintiffs face in demonstrating the likelihood of repeated injury). More than two years have passed since the Counties ceased the challenged conduct, and they have displayed no "track record of moving the goalposts," *Tandon v. Newsom*, 141 S. Ct. 1294, 1297 (2021) (per curiam) (quotation marks omitted), and wielded no "constant threat" of reimposition, *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 68

(2020) (per curiam).

*Nominal Damages.* Altman forfeited the argument that the nominal damages claim should have preserved the controversy, even if the other claims were moot. The district court acknowledged that Altman had amended its complaint to include nominal damages. Indeed, as to certain counties, the court ruled that Altman's nominal damages claims "are live." Thus, the district court well understood the law. However, as to the three Counties involved in this appeal, the district court concluded that Altman had waived its argument that the nominal damages claim was not moot: "Plaintiffs did not make a nominal damages argument in the supplemental briefing the Court ordered on the mootness question during the preliminary injunction proceedings. They have thus waived this argument." And Altman took no steps in the district courts to dispute this ruling, move for reconsideration, or advise the court otherwise. After the fact, on appeal, Altman is asking us to revive a claim that the district court provided ample opportunity to address.

As a general matter, "[a] live claim for nominal damages will prevent a dismissal for mootness." *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 872 (9th Cir. 2002); *see also Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 801–02 (2021) (holding that nominal damages "satisf[y] the redressability element of standing" when a plaintiff's other prayers for relief fail). However, the Ninth Circuit strongly disfavors arguments that were waived or forfeited before the district court and raised

for the first time on appeal. *See In re Mortg. Electronic Sys., Inc.*, 754 F.3d 772, 780 (9th Cir. 2014); *see also Fitzgerald v. Century Park, Inc.*, 642 F.2d 356, 359 (9th Cir. 1981) (declining to review a request for nominal damages raised for the first time on appeal). While waiver requires the "intentional relinquishment or abandonment of a known right," forfeiture is a more implicit, passive failure to timely assert that right. *United States v. Scott*, 705 F.3d 410, 415 (9th Cir. 2012). For instance, a plaintiff's failure to raise a choice-of-law argument in multiple memoranda submitted to a magistrate judge and during a hearing before the district court judge amounted to forfeiture of that argument and foreclosed its motion for reconsideration. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 891 (9th Cir. 2000). Although judges may at any point raise issues, such as mootness, that concern the validity of the court's subject matter jurisdiction, *see Bernhardt*, 279 F.3d at 871, this court has not applied the same principle to parties' new arguments *in support of* jurisdiction.

Despite multiple opportunities, Altman neglected to invoke the nominal damages claim as a possible defense to mootness. Altman did not raise the argument at the May 20, 2020 district court hearing or within the supplemental briefing that the district court then ordered on the issue of mootness. Although Altman contends that the hearing and briefing were concerned only with the effect the new "curbside pickup" option on the appropriateness of injunctive relief, the record does not

support such a restrictive view. Altman also declined subsequent opportunities to draw the district court's attention to the nominal damages claim, despite filing a motion for clarification. Thus, the district court was correct to conclude that Altman had "waived" (or, more precisely, forfeited) this argument with regard to Santa Clara, San Mateo, and Contra Costa counties.

**AFFIRMED.**[1]

---

[1] We grant the Counties' unopposed motion to take judicial notice of the Settlement Agreement between Altman and Alameda County and exhibits containing COVID-19 case and vaccination data (Dkt. 19).

*Altman v. County of Santa Clara*, No. 21-15602
**Paez, J.**, concurring in part and dissenting in part:

I respectfully dissent in part. I agree with the majority that the plaintiffs'
("Altman's") claims for injunctive and declaratory relief are moot under *Brach II*.
38 F.4th 6 (9th Cir. 2022) (en banc). In my view, however, Altman's claim for
nominal damages remains live and should have precluded the district court from
dismissing the county defendants for lack of subject matter jurisdiction.

Our caselaw has long recognized that a claim for nominal damages prevents
mootness. *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 872 (9th Cir. 2002);
*see also Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 801-02 (2021). The majority
holds that although Altman expressly prayed for nominal damages in her First
Amended Complaint, she forfeited this claim by failing to raise it at certain points
during and after the district court proceedings. Neither the record nor our caselaw
supports this proposition.

In the context of this litigation, Altman fairly understood the district court's
request for supplemental briefing as limited to the effect of curbside retail on her
claims for prospective relief (i.e., whether those claims were moot). The majority
cites no authority that supports the proposition that a plaintiff forfeits a claim by
not addressing it in supplemental briefing although she has properly and clearly
asserted it in her complaint. The fact that Altman did not argue that her request for
nominal damages claim was not moot before the district court is immaterial.

Because she properly pleaded the claim in her complaint, its existence precluded a finding of mootness. Further, the majority's conclusion that Altman's failure to include nominal damages in her motion for clarification contributed to forfeiture is likewise unsupported. No authority requires a plaintiff to take such steps to preserve a claim for appeal after having asserted it in her complaint. Indeed, Altman continued to pursue her nominal damages claim by timely appealing the district court's decision that she had waived it.

The majority's decision embraces a hypertechnical view of claim preservation that allows the district court to effectively decline to hear Altman's constitutional claim despite the existence of a live controversy. This result is antithetical to the federal courts' duty to decide cases before them. *See BP P.L.C. v. Mayor & City Council of Baltimore,* 141 S. Ct. 1532, 1537 (2021). I therefore respectfully dissent from this aspect of the majority's disposition.